IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDALL CUMMER, | | |
| | Plaintiff, | No. CIV S-09-2702 DAD P |
| vs. | | |
| JAMES TILTON, et al., | | <u>ORDER AND</u> |
| | Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

I. <u>Application to Proceed In Forma Pauperis</u>

      Plaintiff has submitted three in forma pauperis applications. The first application, filed on September 17, 2009, makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis. The applications filed on September 22, 2009 and October 8, 2009, will be denied as unnecessary.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $0.18 will be assessed by this

1  order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate
2  agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to
3  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
4  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
5  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
6  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
7  full.  See 28 U.S.C. § 1915(b)(2).

8  II.  Screening Requirement

9         The court is required to screen complaints brought by prisoners seeking relief
10  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
11  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
12  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
14  U.S.C. § 1915A(b)(1) & (2).

15         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
17  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
18  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21  Cir. 1989); Franklin, 745 F.2d at 1227.

22         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
23  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
26  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

/////

III. Plaintiff's Complaint

In his complaint, plaintiff sets forth seven causes of action. He also identifies eleven named defendants along with several "Doe" defendants. The action rose while plaintiff was incarcerated at Mule Creek State Prison.

A. First Cause of Action

Plaintiff alleges that for approximately three weeks, defendants Tilton, Robinson, Espinoza and Does 1-7 "arbitrarily, capriciously, and otherwise unlawfully" withheld his personal property. (Compl. at 9.) In this regard, plaintiff contends that on August 23, 2005, he arrived at Mule Creek State Prison on a bus with 27 other inmates. They were told that their personal property would be stored pending their transfer to Salinas Valley State Prison, which would occur in about a month. Plaintiff contends that his property was not on the bus and did not actually arrive at Mule Creek State Prison until two weeks later. In addition, plaintiff claims that he was denied access to his property from September 7, 2005 to September 28, 2005, a 3 week period. Plaintiff claims that defendants violated: (1) his right to be free from unreasonable seizure of his property; (2) his right to due process; (3) his right to equal protection; (4) his right not to be subjected to cruel and unusual punishment; (5) his right not be subjected to "unjust hardship;" (6) California Department of Corrections and Rehabilitation (CDCR) regulations, (7) his right to be free from intentional and negligent infliction of "mental anguish and emotional distress[.]" (Id.)[1]

B. Second Cause of Action

Plaintiff alleges that from September 7, 2005 to September 28, 2005, defendants Tilton, Robinson, Espinoza and Does 1-7 deprived him of his legal materials in violation of his rights (1) to petition for "redress of grievances," (2) to his access to courts, (3) to be free from unreasonable seizure of personal property, (4) to due process, (5) to equal protection of the law,

---

[1] Plaintiff asserts that defendants' actions in this regard violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and state law.

4

(6) to be free from cruel and unusual punishment, (7) to not be subjected to "cruel and unjust hardship," (8) to have CDCR personnel follow CDCR regulations, and (9) to be free from intentional and negligent infliction of mental anguish and emotional distress.  (Compl. at 11.)[2]

### C. Third Cause of Action

On August 30, 2005, plaintiff appeared before defendants Tilton, Robinson, Thissen, Heise and Does 1-4 at a hearing that plaintiff describes as an "invalid classification proceeding." (Compl. at 12.)  In a subsequent inmate grievance, plaintiff complained that the notice of hearing he was provided was defective because it stated that he would appear before a "UCC" but the applicable regulations provide that the recommendation to transfer him had to be made by an "initial classification committee." (Id., Inmate Appeal Form dated Sept. 26, 2005, Attach.)  Plaintiff also contends that the decision to transfer him was invalid because he did not receive the CDC form 128-G, and the composition of the committee and quorum requirement did not comply with the applicable regulations.  (Id.)  Plaintiff claims his rights (1) to due process, (2) to equal protection, (3) to be free from cruel and unusual punishment, (4) to not be subjected to "cruel and unjust hardship," (5) "to have CDCR personnel follow CDCR regulations," and (6) "to be free from intentional and negligent infliction of mental anguish and emotional distress" were all violated.  (Id. at 12.)[3]

### D. Fourth Cause of Action

Plaintiff alleges that the level III prison that he was transferred to was more "restrictive and oppressive" and that defendants Robinson, Thissen, Tilton and Does 1-4 authorized that transfer despite the alleged deficiencies noted above.  In addition, plaintiff contends that the defendants' committee report falsely stated that plaintiff agreed with the

---

[2] Plaintiff asserts that defendants' actions in this regard violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and state law.

[3] Plaintiff asserts that defendants' actions in this regard violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

5

committee's action and, although the report indicated that the committee members were present at the hearing, defendant Heise was not present. (Compl. at 14; Doc. No. 1 at 73.) Plaintiff claims his rights under the Fifth, Eighth and Fourteenth Amendments were violated specifically as follows: (1) violation of due process rights, (2) violation of equal protection, (3) violation of right to be free from cruel and unusual punishment, (4) violation of right not to be subjected to "cruel and unjust hardship," (5) violation of right to have CDCR personnel follows the regulations, (6) violation "not to have falsified records maintained against him[,]" (7) violation "to be free from intentional and negligent infliction of mental anguish and emotional distress . . . and deliberate indifference toward his secured rights[.]" (Compl. at 14.)

### E. Fifth Cause of Action

In his fifth cause of action plaintiff incorporates his previous allegations and claims that defendants Robinson, Thissen, Tilton, Does 1-4, and Cook[4] violated his rights under the Fifth, Eighth and Fourteenth Amendments by denying him the: (1) right to due process, (2) right to equal protection, (3) right to be free from cruel and unusual punishment, (4) right not be subjected to "cruel and unjust hardship," (5) right to have CDCR personnel follow CDCR regulations, and (6) "right to be free from intentional and negligent infliction of mental anguish and emotional distress[.]" (Compl. at 16.)

### F. Sixth Cause of Action

Plaintiff alleges that defendants Tilton, Robinson, Reyes and Does 1-4 ignored and delayed the processing of his emergency inmate appeal. Plaintiff has attached to his complaint an inmate appeal form, dated September 16, 2005, on which plaintiff indicated that he was submitting an "Emergency 602." (Compl., Inmate Appeal Form at 1.) The attached appeal appears to concern plaintiff's alleged lack of access to his personal and legal property and therein plaintiff argued that the regulations do not provide for the "forced" storage of inmate

---

[4] Plaintiff alleges that Cook was a Claims Service Representative (CSR) who endorsed plaintiff for transfer.

property. (Id.) Plaintiff alleges that this grievance was "arbitrarily and capriciously processed, reviewed, excessively delayed, ignored, and otherwise obstructed, in violation of the CDCR's established grievance procedures and the State and Federal Constitutions[.]" As a result, plaintiff claims violation of the First, Fifth, Sixth, Eighth and Fourteenth Amendments and state law.

### F. Seventh Cause of Action

Plaintiff alleges that defendant Tilton, Evans, Neotti, Reyes, Baker, Variz, Grannis, and Does 1-4 obstructed his administrative grievance concerning the decision to transfer him. (Compl., Grievance dated September 26, 2005.) In a screening notice attached to his complaint, dated September 27, 2005, plaintiff was advised to resubmit a new 602 form and to complete only sections "A & B." (Doc. No. 1 at 63.) Plaintiff re-submitted the 602 form and it was stamped received on October 11, 2005. (Doc. No. 1 at 59.) In a screening notice, dated January 26, 2006, plaintiff was advised to attach the "CDC 128-G" and "CSR Endorsement Chrono" forms. (Doc. No. 1 at 55.) Finally, in a letter dated February 15, 2006, plaintiff was informed by prison officials that too much time had lapsed "between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion." (Doc. No. 1 at 54.)

Plaintiff claims that as a result of defendants handling of this grievance his rights protected by the First, Fifth, Sixth, Eighth, and Fourteenth Amendments and state law to: (1) freedom of speech, (2) petition the government for redress of grievances, (3) access the courts, (4) a "meaningful appeal," (5) due process, (6) equal protection, (7) be free from cruel and unusual punishment, (8) be free from "cruel and unjust hardship," (9) have "CDCR personnel follow CDCR regulations," and (10) be free from "intentional and negligent infliction or mental anguish and emotional distress . . and deliberate indifference" were all violated.

### III. Discussion

For the reasons explained below, the court finds that plaintiff's claims are legally frivolous or fail to state cognizable claims.

A. Personal and Legal Property

In his first and second causes of action, plaintiff alleges that defendants deprived him of access to his personal and legal property for approximately three to five weeks. A temporary loss of access to his personal property does not state a cognizable Fourteenth Amendment due process claim. There are no regulations that establish that plaintiff is entitled to have his personal property at all times. In fact, under California Code of Regulations, title 15, § 3192, "[a]n inmate's right to inherit, own, sell or convey real and/or personal property does not include the right to possess such property within the institutions/facilities of the department." A temporary deprivation of property such as that alleged by plaintiff here is not an atypical and significant hardship in relation to the ordinary incidents of prison life. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (no due process violation where an inmate's property was taken in connection with his reclassification to a status in which he was not authorized to possess the additional property); Chhoun v. Woodford, No. C 03 3219 SI, 2005 WL 1910930, at *6-9 (N.D. Cal. Aug. 10, 2005) (concluding that the temporary deprivation of personal property did not violate the prisoner's due process rights); Owens v. Ayers, No. C 01-3720 SI (PR), 2002 WL 73226, at *2 (N.D. Cal. Jan. 15, 2002).

As to plaintiff's legal property, a temporary deprivation of one's access to such property also does not rise to a constitutional deprivation. Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir. 1989). Moreover, plaintiff has not alleged that the brief seizure of these materials actually deprived him of his right of access to the courts on any occasion. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989) (requiring an allegation of an actual injury). Therefore, plaintiff has failed to state a cognizable claim under the First or Fourteenth Amendments based upon the alleged brief deprivation of access to his legal materials.

In addition, plaintiff has failed to state a cognizable equal protection claim. The Fourth Amendment does not proscribe unreasonable searches or seizures of property in prison. See Hudson v. Palmer, 468 U.S. 517, 528 n.8 (1984). The Fifth Amendment does not apply here

because its due process clause only applies to the federal government, and plaintiff's action involves alleged actions taken by state prison officials. See Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir.2008). The Sixth Amendment does not provide the basis for a cognizable claim of this nature. The Eighth Amendment prohibits cruel and unusual punishment and plaintiff's alleged separation from his personal property for three to five week does not rise to the level of an Eighth Amendment violation. See Owens v. Ayers, 2002 WL at *3 ("It belittles the Eighth Amendment to suggest that a three-month ban on the possession of personal property . . . amounts to cruel and unusual punishment."). The Fourteenth Amendment's equal protection clause ensures that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Here, plaintiff does not allege that he was treated differently from similarly situated inmates. In fact, plaintiff has alleged in his complaint that twenty-seven inmates who were on the same bus with him also had their personal property withheld pending their transfer to another prison.

B. Classification and Transfer

In his third and fourth claims, plaintiff disputes the manner in which his classification was conducted and the validity of his transfer to another state prison. Plaintiff has failed to state a cognizable due process claim in this regard. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (holding that no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions). In addition, based on these allegations plaintiff has failed to state a cognizable Fifth or Eighth Amendment claims. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status.") (internal quotation marks omitted). As to plaintiff's equal protection claim, as noted above, plaintiff has alleged that twenty-seven other inmates, "if not hundreds[] of others" were subjected to, what he considers, "invalid classification proceedings[.]" (Compl. at 12-13.)

/////

C. <u>Grievance Process</u>

In his sixth and seventh claims, plaintiff contends that his inmate grievances were not properly processed, and that he did not receive a response to his grievance or the response was untimely. However, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>see also</u>, <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993); <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment"); <u>Wright v. Shannon</u>, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); <u>Towner v. Knowles</u>, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); <u>Walker v. Vazquez</u>, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); <u>Williams v. Cate</u>, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Therefore, plaintiff has failed to state a cognizable civil rights claim based on his allegation that his inmate grievances were not properly processed or responded to in a timely fashion.

/////

D. State Law Claims

The district court may decline to exercise supplemental jurisdiction over a claim "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). See also Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999) (citing Fang v. United States, 140 F.3d 1238, 1241 (9th Cir. 1998) and Voight v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995)). If these findings and recommendations are adopted, the federal claims over which this court has original jurisdiction will be dismissed and the balance of relevant factors points toward declining to exercise jurisdiction over any remaining state law claims. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994); Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992). To the extent that plaintiff is asserting any claims based upon alleged violations of state law, this court should decline to exercise supplemental jurisdiction over those claims. Therefore, the court will also recommends that plaintiff's state law claims be dismissed without prejudice to its refiling in state court.

E. Leave to Amend

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that, while leave to amend shall be freely given, the court need not allow futile amendments). Here, plaintiff's claims are clearly not cognizable and the granting of leave to amend would therefore be futile. Accordingly, the court will recommend that the dismissal be without leave to amend.

IV. Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In

certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 17, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's September 22, 2009 and October 8, 2009 applications to proceed in forma pauperis (Doc. Nos. 8 & 14) will be denied as unnecessary.

4. Plaintiff's September 22, 2009 motion for the appointment of counsel (Doc. No. 5) is denied.

5. The Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that:

1. The complaint be dismissed without leave to amend for failure to state a cognizable claim;

2. This action be dismissed; and

3. Plaintiff's state law claims be dismissed without prejudice to their refiling in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:1
cumm2702.fsc